IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016


**STATE OF TENNESSEE v. TERRY EUGENE FISHER, JR.**

**Appeal from the Criminal Court for Davidson County**
**No. 2013-B-1267     Steve R. Dozier, Judge**

_____

**No. M2015-01388-CCA-R3-CD – Filed February 12, 2016**

_____


Terry Eugene Fisher, Jr. ("the Defendant") pleaded guilty to robbery and was sentenced to nine years' probation. Thereafter, the Defendant's probation was revoked based on the accrual of new charges, including a charge for a homicide that occurred prior to the Defendant's being placed on probation. On appeal, the Defendant contends that the trial court erred when it revoked probation based on criminal conduct that occurred prior to the Defendant's being placed on probation. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR. J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Nicholas McGregor, Nashville, Tennessee, for the appellant, Terry Eugene Fisher, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Glenn Funk, District Attorney General; and Chris Buford, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

**I. Factual and Procedural Background**

The Davidson County Grand Jury indicted the Defendant with one count of aggravated robbery that occurred on January 24, 2013. The Defendant pleaded guilty to robbery on March 31, 2015. The judgment of conviction, entered nunc pro tunc to May

1, 2015, shows that the Defendant was sentenced to nine years' "intensive" probation, effective May 1, 2015. On June 15, 2015, the Board of Probation and Parole filed a violation of probation affidavit, alleging that the Defendant was arrested on June 12, 2015, for tampering with evidence and evading arrest. On June 29, 2015, the Board of Probation and Parole filed another violation of probation affidavit against the Defendant, alleging that the Defendant was charged with homicide on June 25, 2015.

At the probation revocation hearing, Detective Andrew Chouanard, of the Metro Nashville Police Department, testified that he was the lead detective assigned to the investigation of the death of Mr. Andrea Cooper, who died on January 8, 2015. Detective Chouanard stated that DNA evidence was collected from the crime scene and sent to the Tennessee Bureau of Investigation ("TBI") for testing. The DNA results were returned on May 22, 2015, and matched the DNA of the Defendant. At that point, the Defendant became a suspect in the crime. Detective Chouanard also stated that Mr. Cooper's girlfriend was present at the scene and had identified the Defendant from a photo lineup. Detective Chouanard stated that he prepared and administered the photo lineup after the TBI had returned the DNA results matching the DNA found at the scene to the Defendant.

The Defendant also conceded that he had pleaded guilty to evading arrest and received a twenty-day sentence.[1] The trial court indicated from the bench that, although the homicide occurred prior to the Defendant's sentencing hearing, the court was not aware of the homicide charges when it sentenced the Defendant to probation. The trial court found that the preponderance of the evidence showed that the Defendant committed the homicide and that he pleaded guilty to evading arrest. Therefore, the trial court revoked the Defendant's probation. This timely appeal followed.

## II. Analysis

On appeal, the Defendant argues that the trial court could not revoke his probation based upon the homicide charge because the homicide occurred prior to the Defendant's being placed on probation. The State argues that the trial court properly considered the criminal homicide charges to revoke the Defendant's probation because the trial court was not aware of the charges at the time the Defendant was placed on probation. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2014); State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810

---

[1] The record does not indicate when the Defendant pleaded guilty to evading arrest.

S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. Id. Proof of a violation does not need to be established beyond a reasonable doubt. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. Tenn. Code Ann. § 40-35-311(e) (2014).

Due process requires that, before penal sanctions can be imposed, a person must have reasonable notice of the conduct that is prohibited. State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). Generally, a trial court cannot revoke a defendant's probation based on violations of probation conditions that occurred before such conditions were set. Id.

> However, revoking probation based upon criminal acts a defendant committed before being placed on probation does not implicate these due process concerns because, unlike other conditions of probation that may be imposed, the defendant is deemed to have notice that his or her conduct must conform to the requirements of the law from the time of the law's enactment.

Id. This court has previously stated that a trial court may revoke a defendant's probation for criminal acts that the defendant committed before he received the probationary sentence "if the trial court was without knowledge of the other criminal acts when it imposed the sentence." Id. (citing State v. Deloris Jean Click Signoracci, No. C-2681, 1981 WL 388073 (Tenn. Crim. App. Jan 27, 1981)).

Upon finding a violation, the trial court is vested with the statutory authority to revoke the probation and suspension of sentence and "[c]ause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(e)(1)(A). Furthermore, when probation is revoked, the trial judge may order "the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension." Tenn. Code Ann. § 40-35-310(a). The trial court retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this case, the judgment states that the Defendant was sentenced to probation effective May 1, 2015.[2] Mr. Cooper was killed on January 8, 2015. However, Detective Chouanard testified at the probation revocation hearing that the Defendant was not developed as a suspect in Mr. Cooper's death until May 22, 2015, when the TBI results matched the DNA found at the crime scene to the Defendant's DNA. Additionally, Mr. Cooper's girlfriend did not identify the Defendant in a photo lineup until after May 22, 2015. The trial court indicated that it was not aware of the homicide charge against the Defendant at the time it placed the Defendant on probation and found that the preponderance of the evidence showed that the Defendant was "involved in" the homicide because testimony showed that the Defendant was present at the scene of offense and the Defendant's DNA was on the victim's clothing. Further, the trial court found that the Defendant had pleaded guilty to evading arrest. Therefore, the trial court did not err by considering the homicide charge as evidence of a violation of a rule of probation. The trial court did not abuse its discretion when it revoked the Defendant's probation based upon a new conviction for evading arrest and a charge of homicide.

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

_____

[2] In his brief, the Defendant cites to the sentencing hearing transcript and asserts that the trial court conducted a sentencing hearing on May 1, 2015. We note that the sentencing hearing transcript is not included in the record on appeal.